IN THE UNITED STATES DISTRICT COURT,
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>WESTON THORPE HARRIS, KENNETH ALAN WILLIAMS, and RAYMOND EDWARD BORI,<br><br>　　　　　　Defendants. | MEMORANDUM DECISION AND ORDER RE: MOTION TO CONTINUE<br><br>Case No.  2:25-cr-214 CW<br><br>Judge Clark Waddoups |

　　　　This matter is before the court on an opposed Motion to Continue Trial filed by the United States.  Also pending before the court is a Motion for a *James* Hearing (ECF No. 38).  On October 23, 2025, the court entered an order requesting briefing related to the *James* motion, and stated a Status Conference would be set "to determine if a *James* hearing is needed." Order Req't Briefing, at 2 (ECF No. 41).

　　　　"A motion that 'requires a hearing' tolls the speedy-trial clock from the filing of the motion until the conclusion of the hearing." *United States v. Mulgado-Patida*, 402 F. App'x 367, 373 (10th Cir. 2010) (quoting *Henderson v. United States*, 476 U.S. 321, 329 (1986)).  The Tenth Circuit has held that "[a] motion to determine the applicability of the coconspirator [hearsay] exception is such a motion." *Id.*  In particular, "'a district court can only admit coconspirator statements if it holds a *James* hearing or conditions admission on forthcoming proof of a predicate conspiracy through trial testimony or other evidence,'" and the Tenth Circuit has "'expressed a strong preference for *James* proceedings.'" *Id.* (quoting *United States v. Townley*, 472 F.3d 1267,

1273 (10th Cir. 2007)). Regardless of whether a *James* hearing is held, or the matter is reserved for trial instead, the Speedy Trial Act is tolled while the *James* motion remains pending. *Id.* (citations omitted).

Here, the court has already determined a Status Conference is needed to address the motion. At the Status Conference, the court will address whether a *James* hearing is needed or if the matter may be preserved for trial. Accordingly, based on the posture of the case, the Speedy Trial Act has been tolled and no motion to continue trial is needed while the Act is tolled. For this reason, and to clarify the record, the court ORDERS:

1. The trial date is vacated, and the Speedy Trial Act is tolled effective October 10, 2025—the date the Motion for a *James* Hearing (ECF No. 38) was filed;

2. The Motion to Continue Trial (ECF No. 42) is denied a moot;

3. The Motion for Leave to File Under Seal (ECF No. 43) is granted;

4. This Memorandum Decision supersedes the Order Taking the Motion to Continue Under Advisement (ECF No. 46) and that Order is now moot.

DATED this 21st day of November, 2025.

BY THE COURT:

_____
Clark Waddoups
United States District Judge